UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD,

Plaintiff,

v.

ATTORNEY GENERAL OF CALIFORNIA, et al.,

Defendants.

No. 2:18-cv-3249-EFB P

ORDER

The court dismissed plaintiff's complaint for joinder of unrelated claims.[1] ECF No. 13. Plaintiff has since filed an amended complaint, ECF No. 16, which is screened below.

I. **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] Plaintiff is a state prisoner proceeding without counsel in an action brought under Americans with Disabilities Act. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Screening Order**

Plaintiff brings six claims against five attorneys and one correctional officer. ECF No. 16. These claims appear to all be related to three prior actions filed by plaintiff: (1) *Bradford v. Marchak*, Eastern District Case No. 1:14-cv-01689-LJO-BAM; (2) *Bradford v. Ogbuehi*, Eastern District Case No. 1:15-cv-01918-AWI-BAM; and (3) *Bradford v. Kvichko*, Eastern District Case No. 1:16-cv-01077-LJO-SAB. From the records of these actions, of which the court takes judicial notice, it appears that four of the defendant attorneys represented defendants in those
/////

actions. The court could not locate a case in which defendant attorney Franklin B. Gordon represented a relevant party. Defendant G. Pickett testified as a witness in *Marchak*.

Plaintiff first alleges that defendants have repeatedly called prison staff to encourage them to attack plaintiff in retaliation for his lawsuits against prison staff and that plaintiff was attacked on May 17, 2018, August 8, 2018, October 6, 2018, and June 5, 2019. ECF No. 16 at 2. To state a viable claim for retaliation, a plaintiff must present facts showing five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not demonstrate that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69.

Here, plaintiff has alleged only vague facts that are not sufficient to support several requisite elements for his claim against defendants. He has not informed the court of any specifics of any of the four alleged attacks (such as, who committed the attacks, where the attack occurred) or what facts indicate that the attacks were engineered by defendants to retaliate against him. Thus, the claim will be dismissed with leave to amend.

Plaintiff next claims that defendants Wilson, Feher, and Gordon lied and presented false evidence from defendant Pickett in *Marchak* to undermine plaintiff's claim that his colitis caused him to leave his deposition in that case. ECF No. 16 at 2-3. According to plaintiff, this deceit caused the court to dismiss the case. In fact, the court imposed terminating sanctions against plaintiff in *Marchak* because of plaintiff's pervasive abusive litigation tactics. The court provided a comprehensive history of plaintiff's harassing litigation tactics, directed at defendants, defense attorneys, and the court. *Marchak*, No. 1:14-cv-01689-LJO-BAM, ECF No. 334. Plaintiff's refusal to participate in his deposition was a small item on the list of misconduct that justified dismissal of his case. It is clear that the court would have terminated plaintiff's case as a sanction for the remaining conduct, regardless of whether it had the full story regarding how plaintiff's colitis was impacting him on the day of his deposition. Plaintiff's claim baldly misrepresents the

3

facts of *Marchak* and is patently frivolous. *Nietzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (describing frivolous factual claims as those that are "fanciful," "fantastic," and "delusional").

Plaintiff next claims that defendant Pickett told him in May 2018 to drop his lawsuit (presumably *Marchak*) and that, if he did, "we will leave you alone." ECF No. 16 at 3. As plaintiff has not alleged that he was dissuaded from any protected activities by this statement, or that a person of ordinary firmness would have been, the claim must be dismissed with leave to amend.

Plaintiff next alleges that defendant Parnell lied to the court in *Ogbuehi*, causing the court to dismiss the case for failure to exhaust. *Id.* Again, plaintiff's claim is a barefaced misrepresentation of what happened in *Ogbuehi*. That case, like *Marchak*, was dismissed as a sanction for plaintiff's harassing and abusive litigation tactics. *Ogbuehi*, No. 1:15-cv-01918-AWI-BAM, ECF No. 73. The record of *Ogbuehi* shows that the case was dismissed because of plaintiff's misconduct, not anything defendant Parnell did. The claim is frivolous and will be dismissed.

Plaintiff also claims that defendant Parnell contacted prison guards and that the guards then attacked plaintiff and poured feces all over three boxes of plaintiff's legal property, causing him to miss deadlines in *Marchak*, *Kvichko*, and *Ogbuehi*. A review of the court's records reveals that *Kvichko*, like *Marchak* and *Ogbuehi*, was dismissed as a sanction for plaintiff's harassing conduct against defense counsel and the court (as well as his failure to state a claim). *Kvichko*, 1:16-cv-01077-LJO-SAB, ECF Nos. 49, 51. Moreover, the attachments to the complaint reveal that feces were found not only on plaintiff's legal property, but also all over his cell, and a correctional officer reported that plaintiff had "smeared feces all over his cell to include his mattress and his property." ECF No. 16 at 39. Plaintiff's claim is belied by his own attachment and the record of the three prior cases. As such, the court finds the claim to be frivolous.

Lastly, plaintiff claims that Elaine Kvichko and defendant Samson lied to the court in *Kvichko* that plaintiff's claim there was frivolous when they knew it was not. But that case would have been dismissed whether or not these defendants represented to the court that plaintiff's
/////

4

claim was frivolous, due to plaintiff's abusive litigation practices. The court accordingly finds this claim frivolous and will dismiss it.

Plaintiff also raises state-law negligence and fraud claims against defendants. The court declines to exercise jurisdiction over such claims absent a cognizable federal claim. 28 U.S.C. § 1367(c)(3).

The court cautions plaintiff that this action is not the proper place to challenge the conclusions of other judges in other cases. Such challenges must be raised in the original cases or by appeal of those cases. Based on the court's review of plaintiff's prior actions, the court must also admonish plaintiff that it would view with extreme disfavor any attempt by plaintiff to use this action to continue harassing conduct toward defendants, counsel, and witnesses involved in previous actions.

The complaint will therefore be dismissed. The court will grant plaintiff one last opportunity to amend the complaint to state a cognizable federal claim. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### III. Summary of Order

Accordingly, it is ORDERED that the first amended complaint is dismissed with leave to file a second amended complaint within 30 days from the date of service of this order. The second amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute. If plaintiff files a second amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: April 10, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE