1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    RAYMOND ALFORD BRADFORD,              No. 2:18-cv-3249-EFB P

11              Plaintiff,

12         v.                              ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
13    ATTORNEY GENERAL OF
      CALIFORNIA, et al.,

14
                Defendants.
15

16

17         Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42

18    U.S.C. § 1983.  The court previously dismissed plaintiff's first amended complaint on screening

19    after determining that it failed to state a cognizable claim.  ECF No. 18.  The court provided him

20    a further opportunity to amend his complaint, and he has done so[1] (ECF No. 20).  The court now

21    screens his second amended complaint.

22                                  Screening

23    I.      Legal Standards

24         Federal courts must engage in a preliminary screening of cases in which prisoners seek

25    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26

27         [1] Plaintiff also filed objections to the court's previous screening order (ECF No. 19).  The
      court has reviewed those objections and has determined that nothing therein gives it cause to
28    reconsider the previous screening order.

                                           1

1    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4    relief."  *Id.* § 1915A(b).

5            A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

7    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

9    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

12   U.S. 662, 679 (2009).

13           To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

16   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

17   678.

18           Furthermore, a claim upon which the court can grant relief must have facial plausibility.

19   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

20   content that allows the court to draw the reasonable inference that the defendant is liable for the

21   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

22   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

23   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

24   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25           II.     Analysis

26           The court has attempted, as best it can, to parse the various allegations contained in the

27   second amended complaint.  Plaintiff has done the reader no favors in terms of organization,

28   however.  Over the course of approximately forty handwritten pages, plaintiff alleges various

2

wrongs perpetrated by an overwhelming number of defendants.  He claims, *inter alia*, that: (1) counsel for various defendants in separate lawsuits have conspired with correctional officers to murder him (ECF No. 20 at 2-3); (2) counsel for defendants in another case filed a "bogus motion for terminating sanctions against him" (*id.* at 5); (3) that defendant counsel and defendant correctional officers conspired to frame him for an attack on a correctional officer (*id.* at 6); (4) that one defendant counsel – Laraya M. Parnell – contacted correctional officers and ordered them to destroy plaintiff's legal materials (*id.* at 6-7); (5) that defendant counsel caused other lawsuits to be dismissed for legally dubious reasons and these dismissals cause plaintiff daily harm (*id.* at 7); (6) that one defendant counsel – G. Pickett – misrepresented facts regarding plaintiff's medical status and caused a separate case filed by plaintiff in this district to be dismissed (*id.* at 11-12).

Plaintiff repeats the foregoing allegations (and others) over the course of his lengthy complaint, but declines to allege any supportive facts which, taken as true, would give rise to a cognizable claim.  For instance, with regard to his most serious claim – that counsel and correctional officers conspired to have him killed for filing a case – he alleges no relevant contextual details.  He claims for instance, that attorney G. Pickett made a verbal threat intended to discourage plaintiff from pursuing his legal action.  *Id.* at 13.  From there, plaintiff immediately concludes that Pickett was "clearly responsible" for orchestrating the alleged attempt on his life. *Id.*  But no detail in the complaint supports that drastic and, frankly, unlikely escalation.

Many of plaintiff's allegations focus on attacking the legitimacy of dismissals or adverse rulings rendered in other cases he filed.  The court previously admonished plaintiff for misrepresentations over the circumstances surrounding some of those adverse decisions and instructed him that "this action is not the proper place to challenge the conclusions of other judges in other cases."  ECF No. 18 at 4-5.  Plaintiff appears to have ignored that admonition.

Finally, the complaint plainly does not comport with the federal rules of civil procedure. It plainly contains multiple, unrelated claims against more than one defendant in violation of the Federal Rules of Civil Procedure.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different

defendants belong in different suits . . . .").  More fundamentally, the unwieldy length and lack of organization does not comply with the "short and plain statement of [his] claim" that the Federal Rules of Civil Procedure require.  *See* Fed. R. Civ. P. Rule 8 (a)(2).

For the reasons stated above, the complaint is plainly deficient and cannot reasonably be served on any of the named defendants.  Given that plaintiff has already been afforded multiple opportunities to amend, he has demonstrated that he is either unwilling or unable to do so and the court recommends that this action be dismissed.

Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE